McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-116-KJM |
| Plaintiff, | STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING HEARING; FINDINGS AND ORDER |
| v. | |
| ERIC MONFORT, | DATE: June 8, 2020 |
| Defendant. | TIME: 9:00 a.m. |
| | COURT: Hon. Kimberly J. Mueller |

## **BACKGROUND**

On January 13, 2020, the defendant, Eric Monfort, entered a plea of guilty to violating 21 U.S.C. §§ 846, 841(a)(1), conspiracy to distribute, and to possess with intent to distribute, heroin and methamphetamine (Count One), and 18 U.S.C. § 922(g), being a felon in possession of a firearm (Count Four). ECF No. 62. The case is set for Judgment and Sentencing on June 8, 2020, and the parties are prepared to proceed with the hearing on that day. In preparation for that hearing, the parties respectfully submit this stipulation and proposed order, providing a basis for the Court to find that the defendant acknowledges that he has the right to be physically present at this hearing, agrees to waive that right, and consents to proceed with the hearing remotely, by videoconference, on the basis that delay to this hearing could result in serious harm to the interests of justice.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief

STIPULATION REGARDING HEARING             1

District Judges to authorize plea and sentencing hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 614 establish that plea and sentencing hearings cannot safely take place in person.

In order to authorize change of plea hearings by remote means, however, the CARES Act—as implemented by General Order 614—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 614 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference. General Order 618, entered on May 13, 2020, confirmed that General Order 614 remains in effect.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency

1 to exist in California on March 4, 2020.

2     2. On March 13, 2020, the President of the United States issued a proclamation declaring a
3 National Emergency in response to the COVID-19 pandemic.

4     3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and
5 other public health authorities have suggested the public avoid social gatherings in groups of more than
6 10 people and practice physical distancing (within about six feet) between individuals to potentially
7 slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact,
8 and no vaccine currently exists.

9     4. These social distancing guidelines – which are essential to combatting the virus – are
10 generally not compatible with holding in-person court hearings.

11     5. On March 17, 2020, this Court issued General Order 611, noting the President and
12 Governor of California's emergency declarations and CDC guidance, and indicating that public health
13 authorities within the Eastern District had taken measures to limit the size of gatherings and practice
14 social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to
15 commence before May 1, 2020.

16     6. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses
17 in the Eastern District of California to the public.  It further authorized assigned district court judges to
18 continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General
19 Order 612 incorporated General Order 611's findings regarding the health dangers posed by the
20 pandemic.

21     7. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial
22 emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low
23 resources across its heavy caseload."  The report accompanying the Judicial Council's declaration
24 analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the
25 District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in
26 weighted filings) and its shortage of judicial resources (the District is currently authorized only six
27 district judges; two of those positions are currently vacant and without nominations).  The report further
28 explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its

STIPULATION REGARDING HEARING      3

1  guidance regarding gatherings of individuals.

2      8.    On April 17, 2020, General Order 617 issued, continuing court closures through June 1,
3  2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.  On
4  May 13, 2020, General Order 618 issued, continuing court closures until further notice, and authorizing
5  further continuances of hearings and exclusions under the Speedy Trial Act through May 2, 2021.
6  General Order 618 also confirmed the continued applicability of General Order 614 regarding
7  implementation of the CARES Act.

8      9.    Given these facts, it is essential that Judges in this District resolve as many matters as
9  possible via videoconference and teleconference during the COVID-19 pandemic.  By holding these
10  hearings now, this District will be in a better position to work through the backlog of criminal and civil
11  matters once in-person hearings resume.

12      10.    The Judgment and Sentencing in this case accordingly cannot be further delayed without
13  serious harm to the interests of justice for the reasons stated above.  If the Court were to delay this
14  hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil
15  matters facing this Court, and every Judge in this District, when normal operations resume.

16      11.    THEREFORE, the parties hereby stipulate and agree that each of the requirements of the
17  CARES Act and General Order 614 have been satisfied in this case.  They request that the Court enter
18  an order making the specific findings required by the CARES Act and General Order 614.  Specifically,
19  for the reasons further set forth below, the parties agree that:

20      a)    The Judgment and Sentencing hearing in this case cannot be further delayed
21  without serious harm to the interest of justice, given the public health restrictions on physical
22  contact and court closures existing in the Eastern District of California, the fact that the
23  defendant has already entered his plea of guilty, and the additional backlog of cases that is likely
24  to increase in this district if criminal matters do not proceed by videoconference when the
25  defendant consents and a resolution has been reached between the parties.

26      b)    Under CARES Act § 15002(b), the defendant acknowledges that he has the right
27  to be physically present for this hearing, but waives that right, and consents to proceed with a
28  remote hearing by videoconference.

STIPULATION REGARDING HEARING     4

     c)    Defendant's counsel, Assistant Federal Defender Ben Galloway, joins in that acknowledgment, waiver, and consent.

IT IS SO STIPULATED.

Dated:  June 5, 2020                                                McGREGOR W. SCOTT
                                                                         United States Attorney

                                                                         /s/ JAMES R. CONOLLY
                                                                         JAMES R. CONOLLY
                                                                         Assistant United States Attorney

Dated:  June 5, 2020                                                /s/ BENJAMIN GALLOWAY
                                                                         BENJAMIN GALLOWAY
                                                                         Assistant Federal Defender
                                                                         Counsel for Defendant
                                                                         ERIC MONFORT

**FINDINGS AND ORDER**

1.     The Court adopts the findings above.

2.     Further, the Court specifically finds that:

    a)    The Judgment and Sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice;

    b)    The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference; and

3.     Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 614, the Judgment and Sentencing hearing in this case will be conducted by videoconference.

IT IS SO FOUND AND ORDERED this 9th day of June, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE